**Vasily YALYMOV, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–4952–ag(L); 05–2100–ag(Con).

United States Court of Appeals, Second Circuit.

July 26, 2006.

Bozena Ziedalski, New York, New York, for Petitioner.

Steven K. Mullins, United States Attorney for the District of South Dakota, Jan L. Holmgren, Assistant United States Attorney, Sioux Falls, South Dakota, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Vasily Yalymov, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Gabriel Videla's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He also petitions for review of the BIA's denial of his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We will consider Yalymov's challenge to the credibility determination, even though he did not mention it in his brief to the BIA, because the BIA addressed the credibility finding. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 293 (2d Cir.2006). Although we do not find that all of the IJ's adverse credibility factors are supported by substantial evidence, we need not remand the case because we can confidently predict that the IJ would reach the same conclusion absent the error-infected grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). Since Yalymov and the individual who helped him prepare the application signed

his application, indicating that the contents of the application were read back to Yalymov, a reasonable fact-finder would not have been compelled to forgive Yalymov's omission of his entire religious persecution claim from his original application. *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 270 (2d Cir.2006). In addition, the IJ reasonably found Yalymov not credible because he failed to provide any testimony regarding his claims related to his journalism activities. Finally, the IJ did not err in questioning Yalymov's commitment to his religion, because he failed to corroborate his claims with any letters or documents from fellow church members in the United States, and he was unable to answer several questions about his religion, despite giving the impression that he was a devout practitioner. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90–91 (2d Cir.2006) (indicating that an IJ may permissibly fault an applicant for lack of doctrinal knowledge if he claims to have a deep understanding of that religion). Accordingly, we find that the IJ's adverse credibility determination is supported by substantial evidence, and the IJ properly denied Yalymov's asylum, withholding of removal, and CAT claims on this basis. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006).

We also find that the BIA did not abuse its discretion in denying Yalymov's motion to reopen. Although Yalymov did not have many of the newly submitted documents in his possession at the time of his hearing, the regulations state that the documents must not have been discoverable at the time of the hearing in order to warrant reopening. 8 C.F.R. § 1003.2(c)(1). Here, Yalymov has failed to demonstrate that the documents could not have been previously obtained, and the BIA correctly noted that the documents are not material to Yaly-

mov's claims. Finally, since Yalymov fails to assert any arguments in his brief regarding his potential ineffective assistance of counsel claim, that claim is deemed waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).