**Bertin LONGWA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–6558–ag.

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Michael Boyle; Justin Conlon, Law Offices of Michael Boyle, North Haven, CT, for Petitioner.

Mary Beth Buchanan, United States Attorney; Paul E. Skirtich, Assistant United States Attorney; Holly M. Smith, Paralegal Specialist, Pittsburgh, PA, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Bertin Longwa, through counsel, petitions for review of the November 2005 BIA order denying his motion to reopen removal proceedings. The BIA had previously denied Longwa's motion to reconsider its May 2004 decision dismissing his appeal from Immigration Judge ("IJ") Michael W. Strauss's decision summarily denying his application for asylum, withholding of removal, and relief under the Convention Against Torture, for failure to timely file a brief. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA dismisses an appeal from the denial of a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA abused its discretion in denying Longwa's motion to reopen because its decision was "devoid of any reasoning," and Longwa clearly demonstrated due diligence. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005); *Ke Zhen Zhao*, 265 F.3d at 93; *see also Jin Bo Zhao v., INS*, 452 F.3d 154 (2d Cir.2006) (holding that BIA erred in rejecting an alien's second motion to reopen as time—barred and number—barred where "the ineffective assistance of the attorney who filed [the petitioner's] first motion to reopen—combined with [the petitioner's] impressive diligence in retaining new counsel and promptly filing a new motion—justifie[s] the application of 'equitable tolling' of the BIA's time and number regulations"). The BIA simply noted that Longwa met with current counsel ten months prior to the filing of the motion and that it did not agree that the delay in filing it was reasonable. On the contrary, the record sets forth in great detail the lengths that Longwa and his current counsel went to in order to present a thorough motion, replete with affidavits and reports in support of Longwa's asylum claim.

Longwa indicated that after the BIA denied his motion to reconsider in July 2004, he first discussed his options with his prior counsel, Anastasi. After Anastasi stated that he could not file an appeal to the Second Circuit, Longwa contacted an attorney in New York, Mike Brown. He explained that Brown referred him to a different attorney, James McLain, whom Longwa called several times, without a response. Longwa stated that he next contacted the International Institute who referred him to his current counsel, Michael Boyle and Justin Conlon. He met

with them immediately in November, but they told him that they required an initial payment to begin the case, and that he should try to get more documents from people in the DRC. Longwa indicated that he collected money from his church, obtained another letter from his uncle and a letter from Mumba Gama, secretary-general of the RCD, and then met with counsel again with the payment in February 2005. While the amount of the initial fee is unspecified, this Court has found the payment of an attorney fee to be a factor supporting due diligence. *See Jin Bo Zhao*, 452 F.3d at 158–59. Current counsel took measures to have Longwa thoroughly evaluated by a licensed clinical social worker over five sessions between March and April of 2005. The social worker provided an assessment indicating that Longwa suffered from post-traumatic stress disorder, a condition which could "tremendously affect his ability to lay out the details of his case." Conlon himself indicated that he met with Longwa in "numerous three-hour sessions" to prepare an affidavit on his behalf, which totaled thirty pages. Additionally, Conlon remarked on having had to sort through a voluminous number of reports concerning the DRC from the preceding five years in order to find those reports specifically demanded by the IJ and that corroborate Longwa's claim. Indeed, articles from sources such as the BBC and UNHCR indicate that Lunda Bululu was a former prime minister under Mobutu who defected from the RCD, and whose family members were arrested and detained in the DRC for varying periods.

Given the need for Longwa to overcome the underlying adverse credibility and insufficient documentation findings, and to lay out a cogent claim of ineffective assistance, it was especially important that the instant motion be comprehensive. Therefore, although Longwa filed his motion to reopen about eleven months beyond the ninety-day time period, the BIA unreasonably declined to equitably toll the filing deadline, in light of the conscientiousness with which Longwa and his counsel approached the filing of the motion. *Cf. Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir.2006) (holding that the BIA did not abuse its discretion in finding no equitable tolling to accommodate reopening of a case, where the petitioner stood by his fabricated asylum application before the IJ and BIA, and then waited 20 months to raise the ineffectiveness claim); *Iavorski v. INS*, 232 F.3d 124, 129–34 (2d Cir.2000) (concluding, as a matter of law, that the alien had failed to exercise due diligence during the nearly two-year period he sought to have tolled). While the BIA is not required to specifically address each claim that the petitioner has made, its November 2005 decision does not reflect the reasoned consideration that would suggest it has taken into account all of the evidence before it, namely, the painstaking efforts made by Longwa and his counsel to file a meticulously laid out and exhaustive motion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 3 (2d Cir. 2006).

Furthermore, Longwa's motion to reopen based on ineffective assistance of counsel appears to have conformed with the *Lozada* requirements, because it was supported by an affidavit, as well as verification that counsel whose competence is being impugned was informed of the allegations leveled against him and given an opportunity to respond, and that a complaint was filed with the appropriate disciplinary authorities with respect to violations of that counsel's ethical and legal responsibilities. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Accordingly, the BIA was required to provide more than summary or conclusory statements as to the manner in which Longwa

failed to make a prima facie case for eligibility for relief. *See Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is GRANTED, the November 2005 decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).