**Mamadou Sadio DIALLO, Petitioner,**

v.

**Michael CHERTOFF, Secretary, U.S. Department of Homeland Security, Edward McElroy, Field Office Director, U.S. Immigration & Customs Enforcement, U.S. Attorney General Alberto R. Gonzales, Respondents.**

No. 06–1703–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

Heidi J. Meyers, New York, NY, for Petitioner.

Gregory A. White, U.S. Atty., Guillermo J. Rojas, Asst. U.S. Atty., Toledo, OH, for Respondents.

Present: THOMAS J. MESKILL, JON O. NEWMAN and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Mamadou Sadio Diallo, a native and citizen of Guinea, seeks review of a March 27, 2006 order of the BIA denying his motion to reopen its decision affirming without opinion immigration judge ("IJ") Joanna Miller Bukszpan's denial of asylum and relief under the Convention Against Torture. *In re Mamadou Sadio Diallo,* No. A76 003 432 (B.I.A. March 27, 2006).

In his brief, Diallo contests both the BIA's decision affirming the IJ's denial of asylum and its order denying his motion to reopen. However, as Diallo's petition for review was filed on April 11, 2006, it was not timely with respect to the BIA's initial October 2002 decision affirming the IJ's denial of asylum. *See See* 8 U.S.C. § 1252(b)(1) (stating that a petition for review must be filed no later than 30 days after the date of a final order of removal). The petition for review of the denial of the motion to reopen was timely, but a petitioner may not obtain review of the BIA's earlier order dismissing his appeal through a timely petition for review from the denial of a motion to reopen. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). This Court continues its review to the BIA's denial of Diallo's motion to reopen, which is reviewed for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

An alien is generally limited to one motion to reopen deportation proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must generally be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). An alien may obtain equitable tolling of these time and numerical limits if it is based on ineffective assistance of counsel. *Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000). To prevail on an ineffective assistance of counsel claim, the applicant must show that competent counsel would have acted otherwise, and that the alien was prejudiced by his coun-

sel's performance. *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994). In addition, the alien must also comply with certain procedures laid out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1988). In order to obtain equitable tolling of the filing deadline for motions to reopen, the alien must show that he has exercised due diligence in pursuing the case during the period he seeks to toll. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 157 (2d Cir.2006) (per curiam); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

The BIA's finding that Diallo did not exercise due diligence is dispositive in this case. Diallo claimed that although the BIA decided his initial appeal in October 2002, his attorney did not inform him of the outcome until early 2004. His prior attorney, Brian Kaplan, contends that he mailed Diallo a copy of the BIA's decision immediately upon receiving it in October 2002. Diallo filed a disciplinary complaint against Kaplan on November 22, 2005. He filed his motion to reopen based on ineffective assistance of counsel in December 2005.

Accepting as true Diallo's claim that he did not discover the disposition of his appeal until early 2004, the BIA found that he failed to exercise due diligence, as he waited until December 2005 to file the motion to reopen. Because Diallo's motion does not indicate a time frame for his efforts to retain his current counsel or the steps they took to obtain all the relevant information, the BIA did not abuse its discretion in finding that Diallo had not established that he had diligently pursued his ineffective assistance of counsel claim and thus did not merit equitable tolling. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam) (concluding that the BIA did not abuse its discretion in finding

that alien had not exercised reasonable diligence); *Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir.2006) (per curiam) (holding that the BIA did not abuse its discretion in finding no equitable tolling to justify reopening, where the petitioner stood by his fabricated asylum application before the IJ and BIA, and then waited 20 months to raise the ineffectiveness claim); *Cekic v. INS*, 435 F.3d at 171 (concluding that aliens seeking equitable tolling "were not reasonably diligent"); *Iavorski v. INS*, 232 F.3d at 134 (concluding, as a matter of law, that the alien had failed to exercise due diligence during the nearly two-year period he sought to have tolled). Regardless of the validity of the BIA's findings regarding the other *Lozada* requirements, Diallo's inability to establish due diligence was determinative, and the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).