**SUN XI WU, Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 06–5449–ag.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Gary J. Yerman, New York, NY, for Petitioners.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Thomas S. Rea, Assistant United States Attorney, St. Louis, MO, for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Sun Xi Wu, a citizen of the People's Republic of China, seeks review of a BIA order issued on November 3, 2006, denying his motion to reopen. *In re Sun Xi Wu*, No. A70 902 151 (B.I.A. Nov. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. B.I.A.*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (quotation omitted).

An asylum applicant may file only one motion to reopen, and must do so within 90 days of a final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). The filing deadline for motions to reopen may be equitably tolled where a petitioner establishes ineffective assistance of counsel. *See Zhao v. INS*, 452 F.3d 154 (2d Cir. 2006) (per curiam). Equitable tolling is available where the petitioner "demonstrates both that his constitutional right to due process was ... violated, and that he exercised due diligence in pursuing the case during the period for which tolling is sought." *Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir.2006) (per curiam).

In applying the second prong of this test, we have held that the filing deadline will be tolled "until the ineffective assistance is, or should have been, discovered by a reasonable person in the situation." *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.

2006) (quoting *Iavorski v. INS*, 232 F.3d 124, 134–35 (2d Cir.2000)). After that point, the filing deadline will only be tolled if the petitioner can prove that he exercised due diligence in pursuing his case during the time period he seeks to toll. *Cekic v. INS*, 435 F.3d at 171.

It is undisputed that the motion to reopen filed by Wu in May 2006 was untimely because his appeal was denied five and a half years earlier, in December 2000. The BIA concluded that he was not entitled to equitable tolling because he "submitted no evidence that he took any action with regard to his case, or the sufficiency of his representation, until he filed the present motion in 2006, over 5 years after the Board's decision." The agency decision was based in no small part on the fact that Wu did not dispute his knowledge of the 2000 agency denial of his claim. The BIA made no finding, however, as to when a reasonable person in Wu's situation would have discovered his counsel's ineffective assistance. The alleged ineffective assistance was critical to the merits of the motion to reopen because counsel is charged with falsifying evidence that informed the IJ's adverse credibility determination.

*Cekic* imposes a due diligence requirement on petitioner from the point at which a reasonable person would have discovered ineffective assistance onwards. *See* 435 F.3d at 171. The BIA exceeded its discretion in imposing upon Wu the requirement that he prove he exercised due diligence for the entire period between the filing deadline and the time he filed his motion to reopen in 2006. *Id.* ("[T]he relevant period of time during which the Cekics must show that they exercised due diligence is not the four years between 1998 and 2002, but rather than two years be-

**444**

tween the TPS notice in 2000[at which point it was no longer reasonable for them to rely on their past attorney] and the time when the Cekics ultimately filed their second motion to reopen in 2002.").

On remand, the agency should evaluate whether Wu exercised sufficient due diligence to toll the deadline for filing a motion to reopen by determining first, when a reasonable person in Wu's situation should have discovered the ineffective assistance of his counsel, and second, whether Wu exercised due diligence in pursuing his claim after that point. *Id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).