**Yetti LIONG, Petitioner–Appellant,**

v.

**Peter D. KEISLER,[1] Acting U.S. Attorney General, Respondent–Appellee.**

No. 07–0598–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Melissa Desvarieux, Christophe & Associates, P.C., New York, NY, for Petitioner–Appellant.

Andrew C. MacLachlan, Office of Immigration Litigation, U.S. Department of Justice (David V. Bernal, Assistant Director, Office of Immigration Litigation, U.S. Department of Justice, on the brief), Washington, D.C., for Respondent–Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Yetti Liong, a native and citizen of Indonesia, seeks review of a January 30, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Liong*, No. A95 467 484 (B.I.A. Jan. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. See *Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir.2006) (per curiam). "An abuse of discretion may be found where the decision 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Id.* (internal quotation marks omitted).

"The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (internal quotation marks omitted). "BIA regulations, in turn, provide that '[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or present-

ed at the former hearing.'" *Id.* (quoting 8 C.F.R. § 1003.2(c)(1)). A petitioner must file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(c)(7)(C)(i), unless the petitioner establishes "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," *id.* § 1229a(c)(7)(C)(ii). In addition, we may equitably toll the 90–day time limit if the petitioner asserts a successful claim for ineffective assistance of counsel if certain conditions are satisfied. See *Zheng Zhong Chen*, 437 F.3d at 269.

The BIA did not abuse its discretion in denying Liong's untimely motion to reopen based on her claim of ineffective assistance of counsel. To prevail on such a claim, a petitioner must establish, *inter alia*, that competent counsel would have acted otherwise and that the petitioner was prejudiced by his or her counsel's performance. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006). The only disputed issue here is whether Liong was prejudiced by the conduct of her prior counsel. The BIA appropriately found that Liong had not established prejudice concerning the pretermission of her asylum claim pursuant to 8 U.S.C. § 1158(a)(2) because, in her motion, she merely made the same arguments that the IJ and BIA had previously rejected—arguments that her allegedly ineffective former counsel had advanced. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (collecting cases).

Liong's argument that prior counsel failed to introduce material evidence is similarly unavailing. That evidence, submitted with her motion, does not demonstrate that she would more likely than not be persecuted based on her Chinese eth-

nicity or Catholic religion. Because the submission of such evidence would not have produced a different result, the BIA did not err in finding that Liong failed to demonstrate prejudice. *See Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). Additionally, the BIA properly determined that affidavits Liong submitted from her family members either only corroborated her own testimony, which the IJ had already accepted as credible, or merely described incidents of violence against ethnic Chinese and Christian Indonesians that would not compel a different outcome in her case. *See id.*

■ Nor did the BIA abuse its discretion in finding that Liong failed to present material evidence of changed country conditions to justify granting her untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). The BIA appropriately found that the evidence Liong submitted detailed ongoing violence against Christians, but did not demonstrate a change in country conditions given the history of violence in Indonesia. Moreover, the BIA properly noted that the most recent State Department report indicated that instances of discrimination and harassment against ethnic Chinese Indonesians had declined and that recent reforms led to increased religious and cultural freedom. Because Liong relied on that same evidence to establish eligibility for relief under the Convention Against Torture, the BIA did not abuse its discretion in determining that Liong failed to establish eligibility for such relief. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 113–14 (2d Cir. 2006).

■ Finally, we lack jurisdiction to review Liong's argument that the BIA should have reopened her removal proceedings *sua sponte* because its decision in that regard is "entirely discretionary."

*See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.