**Zhong He CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–3916–AG.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Kenneth L. Wainstien, United States Attorney for the Southern District of Columbia, Martin Dee Carpenter, Assistant United States Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Zhong He Chen petitions for review of the July 7, 2004 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d. Cir.2004) (citing *Brice v. United States Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). An abuse of discretion may be found where the BIA's decision "pro-

vides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 Chen, represented by counsel throughout the proceedings, failed to petition for review following the BIA's December 17, 2003 decision affirming the IJ's denial of his asylum, withholding of removal and CAT claims. Chen then filed a motion challenging the BIA's decision on March 2, 2004, which he characterized as a "Motion to Reopen" and in which he argued that two cases, *Qiu v. Ashcroft,* 329 F.3d 140 (2d Cir.2003) and *Secaida–Rosales v. I.N.S.,* 331 F.3d 297 (2d Cir.2003), were such a change in the existing law applied by the IJ and BIA that these cases warranted granting his Motion to Reopen. The BIA disagreed, addressing first that if Chen's motion was indeed a motion to reopen, it failed to present any new evidence as required by 8 C.F.R. § 1003.2(c)(1), and second, if it was a motion for reconsideration, it was time-barred by 8 C.F.R. § 1003.2(b)(2). We disagree with Chen's characterization of the motion as a motion to reopen. Because the motion merely presents new legal arguments other than a marked change in the law, his motion is clearly a motion for reconsideration. Even so, as a motion to reopen, the BIA correctly identified that Chen failed to present any new facts or evidence to warrant reopening. Therefore, the BIA did not abuse its discretion in denying

Chen's motion for reconsideration as untimely.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).