**Chaman SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–1581–AG.

United States Court of Appeals, Second Circuit.

May 16, 2006.

Chaman Singh, pro se, Brooklyn, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York; Wendy H. Waszmer, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: AMALYA L. KEARSE, CHESTER J. STRAUB, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Chaman Singh, *pro se*, petitions for review of the March 2005 BIA order denying his motion to reopen removal proceedings. In December 2004, the BIA had previously dismissed Singh's appeal from an immigration judge's order denying Singh's motion to reopen removal proceedings after an order of removal was entered *in absentia*. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Because Singh failed to address the BIA's findings in its most recent order, any challenge to them is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

Even if Singh had adequately addressed the BIA's decision, the BIA did not abuse its discretion in denying the motion. The regulations provide that a party may file only one motion to reopen removal proceedings, whether before the BIA or the IJ. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). This numerical limitation does not apply when a party applies for asylum or withholding of removal based on changed circumstances arising in the country to which removal has been ordered. 8 C.F.R. § 1003.2(c)(3)(ii). However, as with any motion to reopen, the movant must state the new facts that would be proven at a hearing to be held if the motion were granted and this statement must be supported by affidavits or other evidentiary material. 8 C.F.R. § 1003.2(c)(1). Thus, Singh's second motion to reopen pertaining to the *in absentia* order was numerically barred, and Singh failed to offer evidence of changed circumstances to establish that his situation was exempted from the numerical bar. *Id.* Moreover, Singh failed to submit an application for asylum with his motion to reopen, or any documentation in support of such an application, as required by the BIA's regulations. *Id.*

Further, while Singh's request to the BIA to reopen his removal proceedings could have been construed as a motion to reconsider, given that Singh indicated he was challenging the BIA's dismissal of his appeal by reasserting that he did not willfully miss his hearing date and that he had appeared on the scheduled date, such a motion would have been time barred, because Singh failed to file it within thirty days of the BIA's December 2004 decision. 8 C.F.R. § 1003.2(b)(2). Moreover, the BIA did not abuse its discretion in denying the motion, even construed as a motion to reconsider, because if anything, the motion repeated arguments that the BIA had previously rejected. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Singh's pending motion for a stay of removal in this petition is DENIED as moot.