**YUN MEI FU, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–3051–ag.

United States Court of Appeals, Second Circuit.

March 14, 2007.

Wendy, Tso, New York, New York, for Petitioner.

Joseph Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Yun Mei Fu, a citizen of China, seeks review of a June 6, 2006 order of the BIA affirming the December 13, 2005 decision of immigration judge ("IJ") Barbara A. Nelson denying Fu's Motion to Reopen. *In re Yun Mei Fu*, No. A72 745 135 (B.I.A. June 6, 2006); *aff'g* No. A72 745 135 (Immig. Ct. N.Y City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Fu's case—the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the

sake of completeness if doing so does not affect this Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). The only issue before this Court is whether the BIA acted within its discretion in denying Fu's motion to reopen. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001) (an appeal from a final order of exclusion or deportation and an appeal from a denial to reopen or reconsider that final order involve two separate petitions filed to review two separate final orders). We review the denial of a motion to reopen for an abuse of discretion. *Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (citations omitted).

A motion to reopen proceedings will not be granted unless it appears to the Board that evidence sought to be offered "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). With limited exceptions, a party may file only one motion to reopen removal proceedings (whether before the BIA or an IJ), and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 U.S.C. § 1229a(c)(7) (removal proceedings); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Here, Fu does not dispute that her December 2005 motion to reopen was untimely, as a final order of removal became effective in her case as of July 1998 when she failed to depart the United States after being granted voluntary departure.

█ The 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights. *See Zheng Zhong*

*Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir.2006). In the present case, Fu failed to allege facts demonstrating that she had exercised due diligence in filing her motion to reopen her removal proceedings. Fu claims that she attended the December 1997 proceeding, at which time she applied for voluntary departure. Thus, at that time, she would have known that she was required to return to China. However, after failing to comply with the IJ's order, she waited nearly eight years before filing her motion to reopen the proceedings. The only reason that she provides for the delay is her attorneys' ineffectiveness. Even if Fu is correct in asserting that her prior attorneys were ineffective, she fails to demonstrate that she acted with due diligence in filing her motion. Nothing in the record indicates that Fu made any attempt to remedy the outcome of her December 1997 hearing—by retaining a new attorney or otherwise—until years later. Thus, the IJ and BIA did not abuse their discretion in finding that the ineffectiveness of Fu's former attorneys did not provide a basis for tolling the 90–day deadline for the filing of her motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 134–135 (2d Cir.2000).

With respect to Fu's claim of changed conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii) provides:

> There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.

█ Rather than claim that the conditions in China had changed since the time

of her December 1997 hearing, Fu claimed that her personal circumstances had changed in that she had given birth to two children. This Court has found that the birth of children in the United States does not suffice to show changed country conditions that would excuse the late filing of a motion to reopen. *Wei Guang Wang v. BIA*, 437 F.3d at 274. Because the alleged danger to Fu is the result of a "self-induced change in personal circumstances," *id.*, the BIA did not abuse its discretion in concluding that those changes do not provide a basis upon which her case can be reopened.

■ Although we conclude that the BIA did not abuse its discretion in denying Fu's motion to reopen based on the information available to it at the time, we remand the case nonetheless in light of various documents addressed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). In *Shou Yung Guo*, we remanded the case to the BIA for further consideration of materials it overlooked in denying a motion to reopen. There, we found that the BIA had failed to sufficiently examine the Fujian Province family planning decisions presented by the petitioner in support of the motion to reopen, noting that it was not apparent that the BIA had "paid any attention" to those documents. *Id.* at 115. More recently, in *Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109 (2d Cir. 2006), we took cognizance of the *Shou Yung Guo* documents despite the petitioner's failure to bring them to our attention, and determined that the documents necessitated remand to the BIA. Because these documents, if authentic, are too important to be overlooked, we remand this case to the BIA for further consideration of Fu's motion in light of these documents.

The petition for review is therefore GRANTED and the case is remanded to the BIA for further consideration in accordance with this decision. Having complet-ed our review, the stay of removal that the Court previously granted in this proceeding is VACATED.