JIN CHENG ZHAO, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 06–4492–ag.

United States Court of Appeals,
Second Circuit.

May 11, 2007.

Wendy Tso, Esq., New York, New York, for Petitioner.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jenny L. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Cheng Zhao ("Zhao"), a native and citizen of The People's Republic of China, seeks review of a September 5, 2006 order of the BIA denying his motion to reopen his removal proceedings on grounds that his attorney was ineffective. *In re Zhao,* No. A 73 176 107 (B.I.A. September 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) *(per curiam ).* A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). "The time limit may be equitably tolled if there is a claim for ineffective assistance of counsel, and the petitioner demonstrates both that his constitutional right to due process was thereby violated, and that he exercised due diligence in pursuing the case during the period for which tolling is sought" and after he discovered the alleged ineffectiveness. *Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 269 (2d Cir.2006) (per curiam); *see Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

Here, the BIA did not abuse its discretion in denying the motion to reopen because Zhao's motion to reopen was untimely and Zhao did not demonstrate due diligence in order to equitably toll the filing period. Specifically, although Zhao points to his attorney's errors in mislead-ing him to abandon his asylum and withholding of deportation claims, he never articulates when he discovered this alleged ineffectiveness. He argues that the July 2002 motion to reopen was an effort to undo his attorney's error, and thus a reflection of due diligence, but that motion did not argue that counsel had been ineffective. The July 2002 motion to reopen merely stated that former counsel had advised him that there was not sufficient evidence to corroborate his asylum and withholding of deportation claims. On appeal from the BIA's summary denial of that motion, however, Zhao did argue that counsel had been ineffective. Although this fact arguably demonstrates that the July 2002 motion to reopen was an effort to remedy his counsel's ineffectiveness and thus constitutes due diligence, Zhao made no such argument in his subsequent motion to reconsider filed nearly three years later.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.