**Rama NOVOVIC, Petitioner,**

**v.**

**Peter D. KEISLER, Acting U.S.**

---

Attorney General,[1]
Respondent.

No. 07–0561–ag.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

Andrew P. Johnson, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Emily Anne Radford, Assistant Director; Margaret A. O'Donnell, Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Rama Novovic, a native of the former Yugoslavia and citizen of Montenegro, seeks review of a January 19, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Rama Novovic*, No. A 79 319 772 (B.I.A. Jan. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen a decision by the BIA must be filed no later than 90 days after the date of the agency's final decision

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

in a case. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

■ Here, the BIA did not abuse its discretion in denying Novovic's motion to reopen. Novovic filed his October 2006 motion to reopen well over 90 days after the September 2003 BIA decision, and thus missed the filing deadline. 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Novovic failed to demonstrate a change in country conditions that would warrant an exception to the filing deadline. 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in ruling that because four of Novovic's supporting documents pre-date his 2002 merits hearing, they "were thus previously available" to Novovic and could not demonstrate changed conditions. Additionally, the BIA accurately observed that the remaining documents, which were either undated or post-dated the merits hearing, primarily discussed events that took place before the IJ rendered her decision. As such, those documents did not present evidence that "could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 269–70 (2d Cir.2006). While the BIA did not explicitly address some of Novovic's supporting documents, the record does not compellingly suggest that the BIA failed to consider that evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006).

Furthermore, the BIA did not abuse its discretion in finding insufficient evidence of changed country conditions where the only evidence presented that related to conditions in Montenegro subsequent to petitioner's merits hearing was statements from Novovic's ex-wife. Because the record is devoid of any objective evidence regarding conditions in Montenegro post-petitioner's merits hearing, we cannot find that the BIA's decision "inexplicably departs from established policies" or is "arbitrary or capricious." *See Ke Zhen Zhao,* 265 F.3d at 93.

■ To the extent that Novovic argues he was denied due process in his removal proceedings, that argument is unavailing. To establish a violation of due process, an applicant must show that he was denied a full and fair opportunity to present his claims or was otherwise deprived of fundamental fairness. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")). The record reflects that while Novovic had ample opportunity to present his claims, he simply failed to demonstrate eligibility for any of the requested forms of relief. *See Li Hua Lin,* 453 F.3d at 104–05. Thus, his argument that the IJ deprived him of due process is without merit.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).