**JINPING LIN, Jinfeng Jiang, Bingjun Jiang, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1792–ag.

United States Court of Appeals, Second Circuit.

Nov. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David X. Peng, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Ernesto H. Molina, Jr., Senior Litigation Counsel, Ana T. Zablah–Monroe, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C. for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Jinping Lin, Jinfeng Jiang, and Bingjun Jiang, natives and citizens of the People's Republic of China, seek review of a March 30, 2007 order of the BIA denying their motion to reopen their removal proceedings. *In re Jinping Lin, Jinfeng Jiang, Bingjun Jiang*, Nos. A77 567 985, A77 567 983, A77 567 984 (B.I.A. Mar. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a general matter, a motion to reopen removal proceedings must be filed no later than 90 days after the date of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). This 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel only if the movant has exercised "due diligence" in vindicating his or her rights. *See Jin Bo Zhao v. INS*, 452 F.3d 154, 159 (2d Cir.2006).

The petitioners claim that their attorney acted negligently in failing to timely submit a notice of appeal following the immigration judge's adverse ruling on March 14, 2001 and in failing to inform them that the BIA had dismissed their appeal on May 1, 2002. The petitioners admit that they learned of the dismissal of their ap-

peal in February 2004. They did not, however, file their motion to reopen until July 2006, more than two years later.

The petitioners introduced nothing to the BIA to show that they exercised the requisite "due diligence" in addressing the alleged ineffective assistance of counsel, and the BIA's determination not to equitably toll the deadline for this significant period of delay is consistent with our prior rulings. *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 270 (2d Cir.2006) (holding that the BIA did not abuse its discretion in declining to equitably toll the deadline for a motion to reopen where the petitioner waited 20 months to raise his claim of ineffective assistance of counsel); *Iavorski v. INS,* 232 F.3d 124, 129–134 (2d Cir.2000) (concluding that an alien had failed to exercise due diligence during the nearly two-year period he sought to have tolled). We find that the BIA did not abuse its discretion in denying the motion to reopen as untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.