**YUN MEI FU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 06–3051–ag.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Wendy Tso, New York, New York, for Petitioner.

Joseph Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, Indiana, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yun Mei Fu, a citizen of the People's Republic of China, seeks review of a June 6, 2006 order of the BIA affirming the December 13, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Fu's Motion to Reopen. *In re Yun Mei Fu*, No. A72 745 135 (B.I.A. June 6, 2006); *aff'g* No. A72 745 135 (Immig. Ct. N.Y City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When—as in Fu's case—the BIA does not expressly "adopt" the IJ's decision, but its opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006).

The only issue before us is whether the BIA acted within its discretion in denying Fu's motion to reopen. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001) (an appeal from a final order of exclusion or deportation and an appeal from a denial to reopen or reconsider that final order involve two separate petitions filed to review two separate final orders).

We review the denial of a motion to reopen for an abuse of discretion, finding such abuse "where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006) (citations and internal quotation marks omitted).

A motion to reopen proceedings will not be granted unless it appears to the Board that evidence sought to be offered "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). With limited exceptions, a party may file only one motion to reopen removal proceedings, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later. 8 U.S.C. § 1229a (c)(7); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1). Here, Fu does not dispute that her December 2005 motion to reopen was untimely, as a final order of removal became effective in her case as of July 1998 when she failed to depart the United States after being granted voluntary departure. Nevertheless, she argues that the untimeliness of

her motion should be excused because of her former counsel's ineffective assistance.

■ The 90–day deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating her rights. *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 270 (2d Cir.2006). In the present case, Fu failed to allege facts demonstrating that she had exercised due diligence in filing her motion to reopen. Fu claims that she attended the December 1997 proceeding, at which she applied for voluntary departure. Thus, at that time, she would have known that she was required to return to China.

However, after failing to comply with the IJ's order, she waited nearly eight years before filing her motion to reopen the proceedings. The only excuse that she provides for the delay is her attorneys' ineffective assistance. Even if Fu is correct in asserting that her prior attorneys were ineffective, she fails to demonstrate that she acted with due diligence in filing her motion. Thus, the IJ and BIA did not abuse their discretion in finding that the ineffectiveness of Fu's former attorneys did not provide a basis for tolling the 90–day deadline. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

■ With respect to Fu's claim of changed conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii) provides:

> There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.

*See* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i).

Rather than claim that the conditions in China had changed since the time of her December 1997 hearing, Fu claimed that her personal circumstances had changed because she had given birth to two children. We have found that the birth of children in the United States does not suffice to show changed country conditions to excuse the late filing of a motion to reopen. *See Wang v. BIA,* 437 F.3d at 274. Because the alleged danger to Fu is the result of a "self-induced change in personal circumstances," the BIA did not abuse its discretion in concluding that those changes do not provide a basis upon which her case can be reopened. *Id.*

The petition for review is therefore DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.