QIU NING WANG, aka Qiu
Ling Wang, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney
General,[1] Respondent.

No. 07–1019–ag.

United States Court of Appeals,
Second Circuit.

March 12, 2008.

Meer M.M. Rahman, New York, NY, for
Petitioner.

Peter D. Keisler, Assistant Attorney
General, Civil Division, Carol Federighi,
Senior Litigation Counsel, Mona Maria
Yousif, Attorney, United States Depart-
ment of Justice, Office of Immigration Lit-
igation, Washington, DC, for Respondent.

PRESENT: Hon. ROSEMARY S.
POOLER, Hon. B.D. PARKER and Hon.
PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiu Ning Wang, a native and
citizen of China, seeks review of the Feb-
ruary 15, 2007 order of the BIA denying
her motion to reopen. *In re Qiu Ning
Wang*, No. A73 078 466 (B.I.A. Feb. 15,
2007). We assume the parties' familiarity
with the underlying facts and procedural
history of the case.

We review the BIA's denial of a motion
to reopen or reconsider for abuse of dis-
cretion. *See Kaur v. BIA*, 413 F.3d 232,
233 (2d Cir.2005) (per curiam). An abuse
of discretion may be found where the
BIA's decision "provides no rational expla-
nation, inexplicably departs from estab-
lished policies, is devoid of any reasoning,
or contains only summary or conclusory
statements; that is to say, where the
Board has acted in an arbitrary or capri-
cious manner." *Id.* at 233–34.

We find no abuse of discretion in the
BIA's finding that Wang's motion was un-
timely and did not qualify for equitable
tolling of the 90–day filing deadline appli-
cable to motions to reopen. It is undisput-
ed that Wang's motion to reopen was both
time and number barred. 8 C.F.R.
§ 1003.2(c)(2). However, Wang argued
before the BIA that she received ineffec-
tive assistance of counsel with respect to
her first motion to reopen. To prevail on
an ineffective assistance of counsel claim
the petitioner must demonstrate "both that
his constitutional right to due process was
thereby violated, and that he exercised due
diligence in pursuing the case during the
period for which tolling is sought" and
after he discovered the alleged ineffective-
ness. *Zheng Zhong Chen v. Gonzales*, 437
F.3d 267, 269 (2d Cir.2006) (per curiam);
*see Iavorski v. INS*, 232 F.3d 124, 134 (2d
Cir.2000). However, as the BIA found,
Wang failed to demonstrate either preju-
dice or due diligence.

Even assuming that Wang had demon-
strated that she was prejudiced by her
prior counsel's ineffective assistance, the
denial of her motion would have been ap-
propriate because she failed to show that
she acted with due diligence during the

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Michael B.
Mukasey is automatically substituted for for-
mer Attorney General Alberto R. Gonzales as
the respondent in this case.

period she sought to toll. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (noting that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled"). In her brief to this Court, Wang has not challenged the BIA's due diligence finding and, therefore, has waived any such challenge. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.