**Jian Ping ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 07–5569–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Wendy Tso, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Susan K. Houser, Senior Litigation Counsel, Jacob A. Bashyrov, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jian Ping Zheng, a native and citizen of China, seeks review of the November 27, 2007 order of the BIA denying his motion to reopen. *In re Jian Ping Zheng*, No. A70 897 276 (B.I.A. Nov. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

We conclude that there was no abuse of discretion in the BIA's finding that Zheng's motion to reopen was untimely and did not qualify for equitable tolling of the 90–day filing deadline applicable to

such motions. Here, it is undisputed that Zheng's motion to reopen was both time and number barred. 8 C.F.R. § 1003.2(c)(2).

Zheng argued before the BIA that because he received ineffective assistance of counsel, the filing deadline should be equitably tolled. However, to have his case equitably tolled, Zheng must demonstrate "both that his constitutional right to due process was ... violated, and that he exercised due diligence in pursuing the case during the period for which tolling is sought." *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 269 (2d Cir.2006) (per curiam); *see also Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000). There is no "magic period of time" for which equitable tolling is appropriate. *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007). Rather, the inquiry in each case is fact-specific, evaluating the reasonableness of the petitioner's conduct. *Id.* It is axiomatic, then, that the petitioner must set out the time line of the key events—in particular, when he discovered the alleged ineffective assistance.

Here, the BIA did not abuse its discretion in finding that Zheng's motion did not merit equitable tolling where Zheng failed to explain when he discovered that his prior counsel had been ineffective. *See id.* at 715 (finding that due diligence is analyzed from the time that the ineffective assistance was or should have been discovered). Absent such information, we cannot find that the BIA erred in refusing to conclude that Zheng exercised due diligence. Zheng's failure to demonstrate that he exercised due diligence was alone a proper basis for the denial of his motion to reopen. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006) (explaining that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).