**Juljana PALAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5661–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Blair T. O'Connor, Jr., Senior Litigation Counsel; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSEPH M. McLAUGHLIN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Juljana Palaj, a native and citizen of Albania, seeks review of a December 4, 2007 order of the BIA denying her motion to reopen removal proceedings. *In re Juljana Palaj*, No. A 78 965 742 (B.I.A. Dec. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, The BIA did not abuse its discretion in denying Palaj's motion to reopen. *See Kaur*, 413 F.3d at 233. It is beyond dispute that Palaj's motion was untimely. *See* 8 C.F.R § 1003.2(c)(2). In addition, the BIA properly determined that Palaj failed to submit any evidence establishing a change in country conditions in Albania. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In this regard, the BIA appropriately found that while some of the evidence indi-

cates that political unrest, violence, and the trafficking of women persisted in Albania, there was no indication that the situation had changed for the worse. *See Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 269 (2d Cir.2006). For example, the 2006 Country Report that Palaj submitted states that arrest and pretrial detention conditions "continued to be an area of great concern," that police corruption and impunity "continued" to be a problem, and that the country "continued to experience high levels of societal killings" and "remained" a source for trafficking of women and children.[1]

Further, the BIA properly found unpersuasive Palaj's and her husband's affidavits attesting that Palaj's brother had experienced recent difficulties in Albania, where neither Palaj or her husband had personal knowledge of these incidents. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (holding that the decision as to the weight to be afforded to documentary evidence " 'lies largely' within the discretion of the IJ").[2]

■ To the extent Palaj moved to reopen based on her marriage to a lawful permanent resident and the birth of her U.S. citizen children, the BIA properly found that such changed personal circumstances did not suffice to except a motion from the applicable time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Wei Guang*

*Wang v. BIA,* 437 F.3d 270, 273 (2d Cir. 2006).

Finally, because the decision of the BIA to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely discretionary, any challenge to its refusal to do so in this case is beyond our review. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). Accordingly, the BIA's denial of Palaj's motion to reopen was not an abuse of discretion. *See Kaur,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Despite these continued problems, the 2006 State Department Country Report on Human Rights Practices for Albania also states that the Albanian government generally respected the human rights of its citizens, that a peaceful, albeit delayed, transition of power occurred in September 2006, and that the country was no longer deemed a significant country of destination or transit for human trafficking.

2. The BIA also questioned the veracity of Palaj's attestations in light of the IJ's underlying adverse credibility determination. However, irrespective of that underlying determination, the BIA appropriately declined to give weight to Palaj's affidavit, given that she had no personal knowledge of the recent events that had transpired in Albania. *See Xiao Ji Chen,* 471 F.3d at 341–42. Thus, we need not reach Palaj's challenge to the application of *Qin Wen Zheng v. Gonzales,* 500 F.3d 143 (2d Cir.2007).