**CHUN XIAN KE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–4689–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Thomas V. Massucci, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Anthony W. Norwood, Senior Litigation Counsel, Hillel R. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Xian Ke, a native and citizen of the People's Republic of China, seeks review of the October 12, 2007 order of the BIA denying her motion to reopen. *In re Chun Xian Ke*, No. A95 855 266 (B.I.A. Oct. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

It is beyond dispute that Ke's motion to reopen was untimely and number barred, and we find no abuse of discretion in the BIA's finding that she did not qualify for an exception to the time and numerical limitations based on any alleged ineffective assistance of counsel.

The BIA may deny a motion to reopen as a matter of discretion notwithstanding the movant's *prima facie* eligibility for relief. 8 C.F.R. § 1003.2(a); *see also* 8 C.F.R. § 1003.23(b)(3); *see INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that "in cases in which the ultimate grant of relief is discretionary," the agency may jump ahead and determine that the movant would not be entitled to discretionary relief). Here, the BIA concluded that Ke's conduct in pursuing her asylum claim before the agency warranted the discretionary denial of her motion to reopen. The BIA reasoned in part that Ke "testified at the merits hearing in support of the written claim containing ... inaccuracies which she knew existed." The record supports that finding where, in her motion to reopen, Ke stated that "her asylum application was prepared with gross inaccuracies." Despite her knowledge of those inaccuracies, Ke proceeded to testify before the IJ regarding the contents of her admittedly inaccurate asylum application.

Furthermore, the BIA observed that Ke assisted in the submission of fraudulent evidence. *Cf. Zheng Zhong Chen v. Gonzales,* 437 F.3d 267, 270 (2d Cir.2006) (finding that while petitioner may have received ineffective assistance of counsel, "due process does not insulate a petitioner from the consequence of his own dishonest acts."). The BIA found that Ke assisted prior counsel "in fabricating new documents, specifically, letters supposedly from [her] sister, brother, and uncle," which were then submitted with her first motion to reopen. In her second motion to reopen, Ke admitted that she assisted counsel in fabricating these letters. While Ke argues that she relied on counsel entirely and had "no understanding of the American legal system," we cannot find on this record that the BIA abused its discretion in concluding that she was aware of at least some of the fraud she perpetrated in her administrative proceeding. In light of Ke's conduct, the BIA did not abuse its discretion in denying her motion to reopen. *See Abudu,* 485 U.S. at 105, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).