Zhu v. Holder

BIA
A077 340 853

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand ten.

PRESENT:
 JON O. NEWMAN,
 JOSÉ A. CABRANES,
 DEBRA ANN LIVINGSTON,
  *Circuit Judges*.

_____

BING ZHU, ALSO KNOWN AS BIN CHOU, ALSO KNOWN AS YUAN CHEN, ALSO KNOWN AS BING HU,
  *Petitioner*,

 v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
  Respondent.

_____

09-5249-ag
NAC

| | |
|---|---|
| FOR PETITIONER: | Gary J. Yerman, New York, New York. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office of Immigration Litigation; Leslie McKay, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bing Zhu, a native and citizen of the People's Republic of China, seeks review of a November 27, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Bing Zhu*, No. A 077 340 853 (B.I.A. Nov. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhu's motion to reopen — filed over five years after the BIA issued a final order in his case – was untimely. However, there is no time limitation if the alien establishes

2

materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA found that the changed circumstance Zhu alleged – his recent conversion to Christianity – reflected a change in personal circumstances, not a change in country conditions. It is well-settled that such a change in personal circumstances does not suffice to establish an exception to the timeliness requirement under 8 C.F.R. § 1003.2(c)(3)(ii). *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).

Zhu argues, however, that the BIA's finding that he did not establish changed country conditions was flawed because it erred by: (1) faulting him for submitting evidence only of recent conditions in China, as opposed to evidence demonstrating changed country conditions; and (2) failing to take administrative notice of country reports that could evidence such a change in country conditions. Contrary to these arguments, it was Zhu's burden to present evidence demonstrating changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Because the BIA reasonably found that Zhu did not submit evidence establishing a *change* in circumstances from the time of the IJ's 2002 decision in this case, but only evidence regarding recent

3

conditions in China, the BIA did not abuse its discretion in denying Zhu's untimely motion to reopen. *See Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 269-70 (2d Cir. 2006). To the extent Zhu argues that the BIA erred by failing to take administrative notice of evidence not in the record, it was under no obligation to do so. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (noting that BIA "*may* exercise independent discretion to take judicial notice of . . . changes in a country's politics" (emphasis added)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4