Xu v. Holder

BIA
A089 253 586

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

CHENG SHU XU,
> *Petitioner,*

v.                                         14-243
                                           NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Stuart Altman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Mary Jane Candaux, Assistant Director, Office of Immigration Litigation; Robbin K. Blaya, Trial

**Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Shu Xu, a native and citizen of the People's Republic of China, seeks review of a January 13, 2014, decision of the BIA denying her motion to reopen. *In re Cheng Shu Xu*, No. A089 253 586 (B.I.A. Jan. 13, 2014). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Xu's motion to reopen as untimely was not an abuse of discretion. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Xu's September 2013 motion was untimely from the agency's March 2012 final administrative decision.

In some instances, an alien may toll the time period for filing a motion to reopen by demonstrating ineffective assistance of counsel.  *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008).  In order to toll the time period, in addition to complying with the procedural requirements for an ineffective assistance of counsel claim, the alien must show prejudice as a result of the ineffective assistance, and must have exercised due diligence in pursuing the claim.  *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).  An alien is required to demonstrate "due diligence" in pursuing claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."  *Rashid*, 533 F.3d at 132.

The BIA did not abuse its discretion in denying Xu's request to equitably toll the filing deadline.  First, as the BIA determined, Xu failed to show due diligence in pursuing her ineffective assistance of counsel claim.  She discovered her attorney's failure to include her 2004 forced abortion in her asylum application at her 2009 merits hearing.  But she failed to raise the issue at the hearing or on appeal.  She then waited approximately 18 months after

3

the BIA's decision to file her motion to reopen. This delay evidenced a lack of due diligence. *See Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir. 2006)(holding a delay of 20 months sufficient to deny equitable tolling); *Rashid*, 533 F.3d at 132-33 (holding 14 months sufficient to deny).

Because a showing of due diligence is a prerequisite to excusing the untimely filing of a motion to reopen, Xu's failure to show that diligence is dispositive. We decline to reach the BIA's alternative determination that Xu failed to show prejudice. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4