*Lin v. Lynch*

BIA
A079 141 366

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

PRESENT:
>        REENA RAGGI,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

BAI XIANG LIN,
>        *Petitioner,*

>        v.                                          14-1370
>                                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

**FOR PETITIONER:**          Chunyu Jean Wang, Wang Law Office,
                             PLLC, Flushing, New York.

--------

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:**                    Joyce R. Branda, Acting Assistant
                                       Attorney General; Song Park, Senior
                                       Litigation Counsel; Surell Brady,
                                       Trail Attorney, Office of
                                       Immigration Litigation, United
                                       States Department of Justice,
                                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bai Xiang Lin, a native and citizen of the People's Republic of China, seeks review of an April 11, 2014 decision of the BIA denying Lin's motion to reopen. *See In re Bai Xiang Lin,* No. A079 141 366 (B.I.A. Apr. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Lin's motion for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's January 2014 motion to reopen is both untimely and number barred because (a) the final administrative

2

order of removal was issued in 2009, and (b) Lin had previously filed a motion to reopen in December of that year.

In certain circumstances, however, this time period may be equitably tolled where an alien demonstrates ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). In addition to complying with the procedural requirements for an ineffective assistance of counsel claim, *see Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), the alien must show (a) that his constitutional right to due process has been denied as a result of the ineffective assistance, and (b) that he exercised due diligence in pursuing the claim for the entire time period he seeks to have tolled. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The BIA did not abuse its discretion in denying Lin's request to equitably toll the filing deadline based on ineffective assistance of counsel. The BIA reasonably concluded that Lin failed to show due diligence: Lin waited over four years to raise his ineffective assistance claim. Lin was aware that his attorney's recommended strategy had failed as early as September 2009, when the BIA dismissed his consolidated appeal, but he raised his ineffective assistance claim for the first time in January 2014. He provides no evidence beyond his

own assertions that he was diligently pursuing an ineffective assistance claim during those years. *See Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 270 (2d Cir. 2006) (holding a delay of 20 months sufficient to deny equitable tolling)*; Rashid,* 533 F.3d at 132-33 (holding 14 months sufficient to deny).

Nor did the BIA err in concluding that Lin failed to demonstrate a denial of due process as a result of the alleged ineffective assistance. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2007) (requiring a showing of denial of due process to prevail on ineffective assistance claim). Lin argues that his attorney should have advised him to file his own separate applications for relief because those claims had merit, but Lin did not append any application for relief to his motion, and the motion did not describe any potential claims for relief. In the absence of any showing of prejudice, the BIA did not abuse its discretion in declining to toll the filing deadline. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

4

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court