**TIAN MING LI, Petitioner,**

v.

**Michael B. MUKASEY [1], Attorney General, Respondent.**

**No. 07–3111–ag.**

United States Court of Appeals, Second Circuit.

Sept. 10, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Lindsay E. Williams, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Tian Ming Li, a native and citizen of China, seeks review of the July 5, 2007 order of the BIA denying his motion to reopen. *In re Tian Ming Li*, No. A76 505 549 (B.I.A. Jul. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

We find that there was no abuse of discretion in the BIA's finding that Li's motion to reopen was untimely and did not qualify for equitable tolling of the 90-day filing deadline applicable to such motions. It is undisputed that Li's motion to reopen was untimely where it was filed more than four years after the BIA's affirmance of the Immigration Judge's ("IJ") denial of relief. 8 C.F.R. § 1003.2(c)(2). However, Li argued before the BIA that because he received ineffective assistance of counsel, the filing deadline should be equitably tolled. To prevail on an ineffective assistance of counsel claim the petitioner must demonstrate "both that his constitutional right to due process was ... violated, and that he exercised due diligence in pursuing the case during the period for which tolling is sought." *Zheng Zhong Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir.2006) (per curiam); *see Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000).

Here we agree with the BIA that Li failed to show that he acted with due diligence during the over four year period he sought to toll. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (noting that "no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled").

458

In Li's motion to reopen, he detailed the alleged ineffective assistance of his former counsel, Joseph Muto. The BIA acknowledged that Muto had been disbarred, but observed that Li had made no allegation that he was prevented in any way from discovering this alleged ineffectiveness or its consequences. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 712–13 & n. 5 (2d Cir.2007) (discussing Muto's March 2002 disbarment); *Yi Long Yang v. Gonzales,* 478 F.3d 133, 138–39 (2d Cir.2007) (same). Indeed, Li's counseled motion to reopen made no mention of the due diligence requirement and did not disclose what had transpired in the over four years since the BIA's last decision. *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007) ("[T]he nature of the analysis in each [ineffective assistance of counsel] case is a two-step inquiry that first evaluates the reasonableness under the circumstances-namely, whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation. Then, petitioner bears the burden of proving that he has exercised due diligence in the period between discovering the ineffectiveness of his representation and filing the motion to reopen."). To the extent that Li waited over four years to find a new attorney and file his motion to reopen, and offered no explanation for that delay, the due diligence finding was proper. *Iavorski,* 232 F.3d at 134. Li's failure to exercise due diligence was alone a proper basis for the denial of his motion to reopen. *See Cekic,* 435 F.3d at 170. To the extent Li argues that the BIA erred in declining to reopen his case sua sponte, that decision was "entirely discretionary" and beyond the scope of our review. *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.