Piao v. Lynch

BIA
Laforest, IJ
A088 042 533

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand sixteen.

PRESENT:
>      ROBERT A. KATZMANN,
>           *Chief Judge,*
>      SUSAN L. CARNEY,
>      CHRISTOPHER F. DRONEY,
>           *Circuit Judges.*

_____

HONGZHE PIAO,
>      *Petitioner,*

>      v.                                     13-4420
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:        Guang Jun Gao, Flushing, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Annette M. Wietecha, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hongzhe Piao, a native and citizen of the People's Republic of China, seeks review of an October 29, 2013, decision of the BIA affirming a September 9, 2011, decision of an Immigration Judge ("IJ") denying Piao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hongzhe Piao,* No. A088 042 533 (B.I.A. Oct. 29, 2013), *aff'g* No. A088 042 533 (Immig. Ct. N.Y. City Sept. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We previously denied Piao's petition for review with respect to his claim that he would be persecuted based on his pro-democracy activities in the United States. Accordingly, we address only Piao's claim that he was arrested and detained in China for harboring North Korean refugees. As to that claim, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*,

2

562 F.3d 510, 513–14 (2d Cir. 2009). Because the IJ did not make an explicit credibility finding, we assume that Piao testified credibly. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011).

Piao asserted that he and his sister jointly opened a hotel that provided assistance to North Korean refugees, and that, as a result, he was arrested, detained for fifteen days, fined, and his business license confiscated. Piao submitted a letter from his other sister (not the sister with whom he claims to have opened the hotel), which stated that another relative told her about her brother's arrest and detention in a telephone conversation. He also submitted country conditions evidence showing that the Chinese government arrests and detains people who assist North Korean refugees, but the IJ did not address this evidence.

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); 8 U.S.C. § 1158(b)(1)(B)(ii). Here, although the IJ did not make an express credibility determination, she concluded that Piao engaged in a "pattern of attempts to deceive the United States Government," A.R. 57,

3

including making false representations in his initial visa application and in his application for an employment visa. In light of this finding, the agency reasonably required Piao to corroborate his claims. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011).

The only corroborating evidence that Piao submitted was the letter from his sister.[1] The agency reasonably gave little weight to this letter, as it was unsworn, was submitted by an interested witness who was not subject to cross-examination, and was prepared solely to support Piao's asylum claim. *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214–15 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded to evidence lies largely within agency discretion). Accordingly, the record does not compel the conclusion that Piao adequately corroborated his claim of past persecution.

Our case law establishes that, when denying a claim because of an applicant's failure to provide corroborating evidence, the IJ must explain what evidence the applicant should have submitted and establish that the evidence is reasonably

---

[1] Piao also submitted two letters from his wife, neither of which mentioned Piao's assistance to North Korean refugees or his arrest and detention in China.

4

available.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009); *Diallo*, 232 F.3d at 290.  The IJ does not appear to have done so in this case.

However, a petitioner must exhaust an issue by raising it to the BIA before seeking judicial review. *See Foster v. INS*, 376 F.3d 75, 77 (2d Cir. 2004) (per curiam) ("[W]e require '[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review." (quoting *Cervantes-Ascencio v. INS*, 326 F.3d 83, 87 (2d Cir. 2003)).  Although this requirement is not jurisdictional, it is mandatory.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).  In addition, we normally do not consider arguments that are not properly raised in the briefs on appeal.  *See Norton v. Sam's Club*, 145 F.3d 114, 117-18 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").  Here, Piao failed to raise the IJ's failure to identify the missing evidence either to the BIA or in his brief on appeal.  Accordingly, we are constrained by our precedents from reaching this issue.

Piao's attorney's failure to preserve this potentially meritorious issue is suggestive of ineffective assistance of counsel.  We require such a claim to be presented in the first instance to the BIA, and we therefore do not reach it here.  *See*

5

*Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994); *Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007). Piao can seek relief by filing a motion to reopen in the BIA. *Arango-Aradondo*, 13 F.3d at 614. Although the deadline for filing a such a motion has passed, the time limit may be equitably tolled to accommodate claims of ineffective assistance of counsel so long as the movant "exercised due diligence in pursuing the case during the period for which tolling is sought." *Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir. 2006). Accordingly, we hereby grant a sixty-day stay of deportation for Piao to file a motion to reopen in the BIA. If Piao files such a motion within that deadline, the stay will remain in effect until all BIA proceedings are complete. *See Arango-Aradondo*, 13 F.3d at 615.

Finally, Piao's brief on appeal contains a section heading that refers to his claims for withholding of removal and relief under the Convention Against Torture ("CAT"). However, the ensuing section contains only a boilerplate summary of the applicable legal standards and a single sentence asserting: "In the present case, Petitioner shall be found to be a credible witness and he had sufficiently corroborated his claim." Pet. Br. 19. This conclusory assertion is insufficient to present this issue for our review. *See Norton*, 145 F.3d at 117. In

6

any event, because Piao failed to establish his eligibility for asylum, he necessarily failed to meet the higher standards for withholding of removal or relief under the CAT. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. We grant a sixty-day stay of deportation so that Piao may file a motion to reopen asserting his claim for ineffective assistance of counsel. If he meets this deadline, the stay will remain in effect until all BIA proceedings are complete.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7